United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY A. WALKER,

Petitioner,

v.

RANDY GROUNDS, Warden,

Respondent.
_______________________________/

No. C 10-02234 CW (PR)

ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY

Petitioner, a state prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the denial of parole by the California Board of Parole Hearings (Board) on July 8, 2008.

In an Order dated June 24, 2010, the Court ordered Respondent to show cause why the petition should not be granted.

On August 30, 2010, Respondent filed a motion to dismiss the petition. Petitioner filed an opposition to the motion and Respondent filed a reply.

For the reasons discussed below, Respondent's motion will be granted.

A. Petitioner's Claim

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

United States District Court
For the Northern District of California

In his petition, Petitioner states he was denied parole on July 8, 2008, and that the reasons for the denial were "the nature of the commitment offense; the psychological report; institutional behavior, and that parole plans were unrealistic." (Pet. at Attached Page Claim One.) He then argues that he is entitled to federal habeas corpus relief on the following grounds:

> Under the State and Federal Constitutions, Petitioner has a right to due process of law in parole matters. Here, the Board failed to explicitly state the nexus between the cited factor or factors and the ultimate decision of current dangerousness. The Board fails to meet its affirmative obligation and due process rights/duties applicable to the conduct of the hearing. As a matter of California Law, the Board must articulate a rational nexus between its factual findings and conclusions. Thereby, the nexus test must be affirmatively applied and articulated by the Board in the first instance.

Id.

Respondent moves to dismiss the petition on three alternative grounds: the petition does not meet the pleading requirements of Rules 2 and 4 of the Rules Governing Section 2254 Cases because Petitioner fails to specify the grounds for relief and to plead his claims with particularity; the petition fails to state a federal claim for habeas relief; and the petition is unexhausted because Petitioner did not present his federal constitutional claim to the California Supreme Court.

In his opposition, Petitioner responds that the petition should proceed because he has alleged the same operative facts as in his state petition, the facts show there was not "some evidence" to support the denial of parole, and Ninth Circuit law requires that habeas relief be granted under such circumstances.

Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. at 862. In the context of parole, the procedures necessary to vindicate such an interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. The Supreme Court has held that the Constitution does not require more. Id.; see Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, that should be the

beginning and end of the inquiry into whether the inmate received due process.") (alterations, internal quotation and citation omitted).

In the instant action, Petitioner has never maintained that he was denied an opportunity to speak at his hearing and contest the evidence against him, that he was denied access to his record in advance, or that he was not notified of the reasons why parole was denied. Rather, the only argument raised by Petitioner in the petition, and expanded upon by Petitioner in his opposition to the motion to dismiss, is that the Board's decision was not supported by "some evidence." As Cooke clearly forecloses such a claim, Petitioner has failed to present a constitutionally cognizable claim for the denial of due process. Consequently, the motion to dismiss the petition for failure to state a claim for federal habeas relief is GRANTED. See Pearson, 639 F.3d at 1191 (reversing district court's pre-Cooke grant of habeas relief on petitioner's "some evidence" claim; finding no further due process inquiry required because petitioner had never argued he was not provided the procedures set forth in Cooke).

B. Certificate of Appealability

A certificate of appealability is denied with respect to Petitioner's claim. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would

**United States District Court**
For the Northern District of California

find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition for failure to state a claim for federal habeas relief is GRANTED.

2. A certificate of appealability is DENIED.

The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file.

This Order terminates Docket no. 5.

IT IS SO ORDERED.

Dated: 8/12/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GREGORY A. WALKER,

Plaintiff,

v.

RANDY GROUNDS et al,

Defendant.
______________________________/

Case Number: CV10-02234 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory A. Walker D-12881
2-330L
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: August 12, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California